**FOR PUBLICATION**

```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
             DIVISION OF ST. THOMAS & ST. JOHN

AUDRA RICHARDS,                 )
                                )
        Plaintiff,              )
                                )
    v.                          )    Civil No. 2006-237
                                )
LEGISLATURE OF THE VIRGIN       )
ISLANDS; USIE RICHARDS, in his  )
official capacity; and USIE     )
RICHARDS in his personal        )
capacity,                       )
                                )
        Defendants.             )
_____)
```

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
        *For the plaintiff.*

**Jeffrey B. Moorehead, Esq.**
St. Croix, U.S.V.I.
        *For the defendants.*

**Claudette V. Ferron, Esq.**
St. Thomas, U.S.V.I.
        *For the defendants.*


                    <u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

     Before the Court is the motion of defendants Legislature of the Virgin Islands (the "Legislature") and Usie Richards, in his official capacity only ("Senator Richards") (collectively referred to as the "Moving Defendants"), to dismiss the complaint in this matter pursuant to Federal Rule of Civil Procedure

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 2

12(b)(7) or, in the alternative, to join indispensable parties pursuant to Federal Rule of Civil Procedure 19.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff in this matter, Audra Richards (the "Plaintiff") commenced this action in December, 2006. The Plaintiff alleges that she began working for the Legislature in January, 2003 as a project coordinator for Senator Luther Renee ("Renee") and Senator Ronald Russell ("Russell"). According to the Plaintiff, Senator Richards sexually harassed her and created a hostile working environment. The Plaintiff further alleges that the Legislature had no sexual harassment policy during her tenure and permitted a hostile working environment. The Plaintiff claims to have been terminated without justification at some unspecified time despite her purportedly exemplary job performance.

The Plaintiff thereafter initiated this lawsuit against the Legislature and Senator Richards, in both his official and personal capacities. The complaint asserts the following sixteen claims: (1) a Title VII sexual harassment claim; (2) a Title VII retaliation claim; (3) a Title VII disparate treatment claim; (4) an Equal Pay Act claim; (5) a 42 U.S.C. § 1983 claim based on alleged violations of due process and equal protection; (6) a 42 U.S.C. § 1985 claim based on an alleged conspiracy to violate civil rights; (7) a civil conspiracy claim; (8) a negligent

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 3

retention claim; (9) an assault claim; (10) a battery claim; (11) a false imprisonment claim; (12) a prima facie tort claim; (13) an claim of intentional infliction of emotional distress; (14) a breach-of-contract claim; (15) a claim for breach of the duty of food faith; and (16) a claim of violation of public policy.

The Legislature and Senator Richards have each filed an answer. Richards, in his personal capacity, has filed a counterclaim against the Plaintiff, alleging that the Plaintiff filed a false police report against him.

The Legislature and Senator Richards, in his official capacity only, now move to dismiss this matter pursuant to Rule 12(b)(7) for failure to join parties or, in the alternative, to join indispensable parties under Rule 19. The Plaintiff has filed an opposition.[1]

---

[1] Certain arguments of the Plaintiff are subject to a brief discussion. The Plaintiff first maintains that the Moving Defendants' motion is untimely on at least two grounds. The Plaintiff first endeavors to support her untimeliness argument by asserting that the Moving Defendants' waived their right to file a Rule 12(b)(7) motion because they have already filed an answer. That argument is without merit, since the provisions of that rule cannot be waived. *See* FED. R. CIV. P. 12(h) (providing that a motion for failure to join a person required by Rule 19(b) may be raised at any time up to and including trial). The Plaintiff's second untimeliness argument refers to the Court's scheduling order requiring substantive motions to be filed no later than March 15, 2008 and the Moving Defendants' filing of the motion on March 18, 2008. March 15, 2008 was a Saturday. Rule 6(a)(3) provides that the deadline for substantive motions is considered the following Monday, or March 17, 2008. The Moving Defendants' explain in their reply brief that they had technical difficulties in accessing the Court's electronic case filing system on March

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 4

## II. **DISCUSSION**

Before dismissing a complaint under Rule 12(b)(7), a district court must determine whether a missing party is necessary within the meaning of Rule 19. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999). Pursuant to Rule 19, a court must conduct a two-step inquiry to determine whether an action must be dismissed for failure to join a necessary and indispensable party. See FED. R. CIV. P. 12(b)(7); *Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123-24 (2d Cir. 1990). First, the court must focus on whether the presence of the party to the action is necessary:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence the court cannot accord complete relief among existing parties, or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (I) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1); *see also Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 404 (3d Cir. 1993).

If a party is necessary, but joinder would divest the court

---

17, 2008, and thus had to file their motion on March 18, 2008. Given these circumstances, the Court does not find that the motion is untimely.

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 5

of jurisdiction, the court must next decide if the absent party is "indispensable." In making that determination, the Court weighs the factors below and considers whether the suit can proceed "in equity and good conscience" without the necessary party. *See* FED. R. CIV. P. 19(b); *see also Provident Tradesmens B. & T. Co. v. Patterson*, 390 U.S. 102 (1968); Assoc. *Dry Goods*, 920 F.2d at 1124.

In determining whether a party is indispensable, a court should consider: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties, (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided, (3) whether a judgment rendered in the person's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FED. R. CIV. P. 19(b); *see Seneca Nation of Indians v. New York*, 383 F.3d 45, 48 (2d Cir. 2004).

These factors "are not exhaustive, but they are the most important considerations in deciding whether to dismiss the action." *Gardiner v. Virgin Islands Water & Power Auth.*, 145 F.3d 635, 640 (3d Cir. 1998). "Due to the equitable nature of the inquiry there is no precise formula for determining whether a necessary party is indispensable." *Gateco, Inc. v. Safeco Ins. Co. of Am.*, Civ. No. 05-2869, 2006 U.S. Dist. LEXIS 23386, at *5

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 6

(E.D. Pa. Apr. 26, 2006) (citation omitted).

The party moving for dismissal for failure to join an indispensable party "has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence." *Holland v. Fahnestock & Co., Inc.*, 210 F.R.D. 487, 494 (S.D.N.Y. 2002) (quoting *Citizen Band Potawatomi Indian Tribe v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

"If a non-party is necessary, cannot be joined, and is indispensable, the action cannot proceed and must be dismissed." *Gateco, Inc.*, 2006 U.S. Dist. LEXIS 23386, at *6 (citing *Janney*, 11 F.3d at 404).

### III. ANALYSIS

The Moving Defendants contend that dismissal or joinder is appropriate because the Plaintiff's designation of the Legislature as a defendant "does not sufficiently identify [her] 'employer' to permit adjudication of [her] claim." (Moving Defs.' Mot. to Dismiss or Implead 3.) According to the Moving Defendants, the following individuals and/or entities (the "Absent Parties") are indispensable parties in this matter for the following reasons:

1. The Moving Defendants first assert that former Senator David Jones, President of the 25th Legislature of the Virgin Islands ("Jones"), is an indispensable party in his official

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 7

    capacity because the Plaintiff's claims purportedly arose exclusively during that legislative session. According to the Moving Defendants, Jones signed documents instating the Plaintiff as an employee of the 25th Legislature.

2. The Moving Defendants next assert that former Senator Lorraine Berry, in her official capacity as both Senate Vice-President of the 25th Legislature and Chairperson of the Ethics Committee of the 25th Legislature, is indispensable because she, *inter alia*, signed the Plaintiff's termination documents and has custody of records relating to the Plaintiff's employment.

3. The Moving Defendants also claim that the Plaintiff's alleged direct supervisors, Russell and Renee, in their official capacities, must be joined because the Plaintiff was actually employed by them, not by the Legislature. The Moving Defendants further claim that Russell and Renee were directly responsible for the Plaintiff's alleged termination.

4. The Moving Defendants argue that members of the Senate Ethics Committee for the 25th Legislature, in their official capacities, are indispensable because the Plaintiff alleges that the Ethics Committee did not address her grievances before she brought this lawsuit.

    In essence, the Moving Defendants urge that the Plaintiff's

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 8

claims are more appropriately brought against her former direct supervisors -- Russell and Renee -- and the 25th Legislature. The Moving Defendants suggest that each legislative session constitutes a different legislature, and thus that the Plaintiff's non-designation of a specific legislative session is fatal to her claim.

The parties go to great lengths in their respective pleadings to show why the Legislature may or may not be sued under Title VII. The Moving Defendants also expend much energy explaining the relationship of the Absent Parties to the factual allegations in this litigation. While these inquiries may be germane at some stage of this litigation, they currently are not at the center of the Court's inquiry.

The Court must first determine whether it can award complete relief among the Plaintiff and the Defendants in this matter. *See* FED. R. CIV. P. 19(a)(1)(A). That inquiry is limited to whether the Court "can grant complete relief to persons *already named* as parties to the action; what effect a decision may have on absent parties is immaterial." *General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007) (citation omitted) (emphasis in original); *see also Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980).

Here, the Plaintiff has asserted certain claims arising out of alleged sexual harassment she suffered while employed at the

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 9

Legislature. One of the named defendants is the Legislature, which, contrary to the Moving Defendants' contention, the Plaintiff alleges was her actual employer. (*See* Compl. ¶ 1.) The other named defendant is Richards, in both his official and personal capacities, the individual who the Plaintiff alleges sexually harassed her. The Plaintiff seeks compensatory and punitive damages as well as reinstatement to her former employment with the Legislature. There can be little doubt that this Court can award the Plaintiff such relief. Indeed, the Moving Defendants do not appear to advance any counter-argument in this respect. Consequently, the Absent Parties are not necessary under Rule 19(a)(1)(A). *See*, *e.g.*, *Crosby Lodge, Inc. v. Nat'l Indian Gaming Ass'n*, Civ. No. 06-00657, 2007 U.S. Dist. LEXIS 59495, at *16-17 (D. Nev. Aug. 10, 2007) (finding that the court could grant complete relief between the named parties); *IBM v. Merlin Tech. Solutions, Inc.*, Civ. No. 06-40174, 2007 U.S. Dist. LEXIS 7390, at *10 (D. Mass. Feb. 1, 2007) ("Because the Court can grant complete relief between the parties before it, . . . the Court concludes that [the absent party] is not a necessary party under Rule 19, and that this action can proceed in its absence.").

"Notwithstanding a determination that complete relief may be accorded to those persons already named as parties to an action, a court still may deem a party 'necessary' under subsection

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 10

[(a)(1)(B)] of Rule 19." *General Refractories Co.*, 500 F.3d at 316. "Unlike subsection [(a)(1)(A)], subsection [(a)(1)(B)] requires the court to take into consideration the effect that resolution of the dispute among those parties before it may have on any absent parties." *Id.* (citation omitted).

"Under Rule 19(a)(1)(B)(I), the court must decide whether determination of the rights of those persons named as parties to the action would impair or impede an absent party's ability to protect its interest in the subject matter of the litigation." *Id.* (citing FED. R. CIV. P. 19(a)(1)(B)(I); *Janney Montgomery Scott*, 11 F.3d at 409). "Satisfying Rule [19(a)(1)(B)(I)] initially requires that the absent party claim a legally protected interest relating to the subject matter of the action." *United States v. Payment Processing Ctr., LLC*, Civ. No. 06-0725, 2006 U.S. Dist. LEXIS 75715, at *13 (E.D. Pa. Oct. 18, 2006) (citations omitted).

Here, the Moving Defendants assert neither explicitly nor even obliquely that any of the Absent Parties are indispensable, claim an interest in this matter or that this Court's eventual determination of the Defendants' rights would somehow impair or impede the Absent Parties' ability to protect their interest. To the extent the Moving Defendants argue that a determination of the Defendants' rights in this matter could result in "persuasive precedent" against the Absent Parties in a later suit against

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 11

them arising out of the same facts alleged in this matter, that argument is unconvincing. The Third Circuit Court of Appeals has explained:

> We are not sure what the district court means by the phrase 'persuasive precedent.' To the extent it involves the doctrine of stare decisis, we are not inclined to hold that any potential effect the doctrine may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19(a) whenever 'feasible.' Such a holding would greatly expand the class of 'necessary' or compulsory parties Rule 19(a) creates. Moreover, to whatever extent the rule's phrase 'as a practical manner impair or impede' has broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate that the effect a judgment in [defendant's] favor would have on [its absent parent corporation] here. . . .

*Janney Montgomery Scott*, 11 F.3d at 407; *see also UTI Corp. v. Fireman's Fund Ins. Co.*, 896 F. Supp. 389, 393 (D.N.J. 1995) ("In *Janney*, the Third Circuit expressly rejected the proposition that where a piece of litigation may result in a 'persuasive precedent' against an absent party, the disposition of the action in that party's absence would impair or impede that party's ability to protect its interest within the meaning of Rule [19(a)(1)(B)(I)]."), *cited with approval in General Refractories*, 500 F.3d at 317.

In short, the pleadings do not reflect that any of the Absent Parties the Defendants discuss claim an interest in these proceedings. At most, the Moving Defendants appear to assert that some of the Absent Parties are in possession of potentially

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 12

relevant evidence and that some of the Plaintiff's claims cannot be asserted against the Moving Defendants as a matter of law. Significantly, that assertion has no bearing on a Rule 19 analysis. Accordingly, no rights of the Absent Parties will be impeded or impaired, and they are not necessary under 19(a)(1)(B)(I). *See, e.g., id.; Payment Processing*, 2006 U.S. Dist. LEXIS 75715, at *14; *Wallkill 5 Assocs. II v. Tectonic Eng'g, P.C.*, Civ. No. 95-5984, 1997 U.S. Dist. LEXIS 11694, at *23-24 (D.N.J. July 25, 1997) (recognizing that "[i]ndeed, [the non-party] has not even claimed an interest in the subject of the action" in its Rule [19(a)(1)(B)] analysis).[2]

---

[2] Rule 19(a)(1)(B)(i) provides that parties with an interest must be joined only if their absence may "as a practical matter impair or impede" their ability to protect their interest. According to Moore's,

> The language "as a practical matter" has a restrictive as well as an expansive side. Thus the fact that the absent person may be bound by the judgment does not of itself require his joinder if his interests are not fully represented by parties present; nor does the mere theoretical possibility of prejudice require joinder.

3A Moore's, para. 19.07 [2.-1], at 19-106 to 19-108.

Here, even assuming the Absent Parties claimed an interest in the matter, the Moving Defendants do not assert that the Absent Parties' interest would not be adequately protected by the Defendants as named in the complaint. *See, e.g., United States v. California*, Civ. No. 06-2649, 2007 U.S. Dist. LEXIS 85845, at *8 n.3 (E.D. Cal. Nov. 8, 2007) (finding that the absent parties "are not necessary parties under Rule 19(a)(2)(i) because their interests are 'adequately represented by existing parties to the suit.'") (citation omitted); *National Union Fire Ins. Co. v. Mason, Perrin & Kanovsky*, 709 F. Supp. 411, 414 (S.D.N.Y. 1989).

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 13

"Under Rule [19(a)(1)(B)(ii)], a court must decide whether continuation of the action would expose named parties to the 'substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.'" *General Refractories*, 500 F.3d at 318; *see also Schulman v. J.P. Morgan Inv. Management*, 35 F.3d 799, 805 (3d Cir. 1994).

Here again, the Moving Defendants exert no effort to explain how they might be exposed to double, multiple, or otherwise inconsistent obligations if the Absent Parties are not joined. Nothing in the record supports such a proposition.[3] Thus, the Moving Defendants have failed to satisfy their burden of proving the necessity of the Absent Defendants under Rule 19(a)(1)(B)(ii). *See, e.g., Am. Home Mortg. Corp. v. First Am. Title Ins. Co.*, Civ. No. 07-01257, 2007 U.S. Dist. LEXIS 83337, at *25 (D.N.J. Nov. 9, 2007) (not for publication); *Travelers Indem. Co. v. Pauline*, Civ. No. 07-00538, 2007 U.S. Dist. LEXIS 57698, at *7 (M.D. Pa. Aug. 8, 2007).[4]

---

[3] Even if the Moving Defendants contended that nonjoinder of the Absent Parties could subject them to inconsistent adjudications if the Plaintiff filed a separate lawsuit against those parties, such a contention would be unavailing, since the focus of Rule 19(a)(1)(B)(ii) is on inconsistent obligations, not inconsistent adjudications. *See Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (explaining that "'[i]nconsistent obligations' are not . . . the same as inconsistent adjudications or results").

[4] Even assuming the Moving Defendants showed that the Absent Parties are necessary, the Moving Defendants would still have to establish that the Absent Parties are indispensable, as

*Richards v. Legislature of the Virgin Islands, et al.*
Civil No. 2006-237
Memorandum Opinion
Page 14

### IV. CONCLUSION

For the reasons given above, the Court finds that the Moving Defendants have failed to meet their burden for a Rule 12(b)(7) motion. Accordingly, the motion will be denied. An appropriate order follows.

```
                          S_____
                            CURTIS V. GÓMEZ
                            Chief Judge
```

---

required under Rule 19(b). That inquiry involves consideration of four non-exclusive factors.

The first and second factors ask "to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties," and to what extent such prejudice "can be lessened or avoided." *General Refractories*, 500 F.3d at 320 (citation omitted). Here, the Moving Defendants state only that some of the Absent Parties have custody of documents relating to the Plaintiff's hiring and termination, but make no claim that those documents would be unavailable to them if the Absent Parties were not joined. Consequently, the Court sees no prejudice to the Moving Defendants or the Absent Parties.

The third factor asks "whether a judgment rendered in the person's absence will be adequate." *General Refractories*, 500 F.3d at 320-21 "Specifically, this element allows the court to consider whether the relief it grants will prove an adequate remedy for the plaintiff." *Id.* (citation omitted). The Court has already addressed this factor under Rule 19(a), finding that full relief is available to the Plaintiff.

The fourth factor asks whether the Plaintiff has a remedy if the action is dismissed. Because the events alleged in the complaint occurred in the Virgin Islands, there is no other federal court in which the Plaintiff could bring her claims. It appears that the Plaintiff could bring her claims in the Superior Court. However, "the availability of an alternative forum cannot be the sole basis for dismissing a suit commenced in the federal courts." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1055 (3d Cir. 1988) (citation omitted). Accordingly, this factor counsels against dismissal.