**FOR PUBLICATION**

```
         IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN

AUDRA RICHARDS,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )   Civil No. 2006-237
                                 )
LEGISLATURE OF THE VIRGIN        )
ISLANDS; USIE RICHARDS, in his   )
official capacity; and USIE      )
RICHARDS in his personal         )
capacity,                        )
                                 )
          Defendants.            )
_____)
```

**ATTORNEYS:**

**Karin A. Bentz, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Jeffrey B. Moorehead, Esq.**
St. Croix, U.S.V.I.
    *For the defendants.*

**Claudette V. Ferron, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

    Before the Court is the motion of defendants Legislature of the Virgin Islands (the "Legislature") and Usie Richards, in his official capacity only ("Senator Richards") (collectively, the "Moving Defendants"), to compel the plaintiff, Audra Richards ("Richards"), to execute and produce authorizations for the release of certain information. Alternatively, the Moving

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 2

Defendants move for the dismissal of the complaint in this matter as a sanction for failure to produce those authorizations.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Richards commenced this action in December, 2006. She alleges that she began working for the Legislature in January, 2003 as a project coordinator for Senator Luther Renee and Senator Ronald Russell. She further alleges that Senator Richards sexually harassed her and created a hostile working environment. She claims to have been terminated without justification at some unspecified time despite her purportedly exemplary job performance.

The Moving Defendants claim that on December 3, 2007, they served a request for written discovery on Richards. The request purportedly sought authorizations for the release of certain information, including social security, credit report, criminal record, employment, tax, medical, and immigration and naturalization information. When the Moving Defendants did not receive the authorizations for the release of information from Richards, some question arose as to whether the authorizations had in fact been served on Richards in the first instance.

On September 23, 2008, the Moving Defendants served a second request for authorizations on Richards. On October 28, 2008, the Court entered an Order stating that "[f]act discovery in this matter shall be completed no later than December 7, 2008 . . . ."

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 3

(Order 1, ¶ 1, Oct. 28, 2008.)  To date, Richards has not produced the requested authorizations for the release of information.

## II.  ANALYSIS

**A.   Motion to Compel**

The Moving Defendants ask the Court to compel Richards to execute and produce the requested authorizations for the release of information.

Federal Rule of Civil Procedure 37(a)(1) provides that a motion for an order to compel disclosure or discovery

> must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

Furthermore, Local Rule of Civil Procedure 37.1 requires that,

> [p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37, other than a motion relating to depositions under Federal Rule of Civil Procedure 30, counsel for the parties shall confer in a good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible. . . .

LRCi 37.1.

Finally, Local Rule of Civil Procedure 37.2 provides:

> (a) STIPULATION. If counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1.  The

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 4

>       stipulation shall include the moving party's letter
>       requesting a pre-filing conference of counsel and shall
>       be filed and served with the motion.
>
>                            . . .
>
>       (c) FAILURE TO FILE STIPULATION. The Court will not consider
>       any discovery motion in the absence of (1) the signed
>       stipulation and certification required by LRCi 37.2(a),
>       or (2) a declaration from counsel for the moving party
>       establishing that opposing counsel:
>
>       (1) failed to confer in a timely manner after receipt
>       of a letter requesting a conference under LRCi 37.1; or
>
>       (2) refused to sign the stipulation and certification
>       required by LRCi 37.2(a).

LRCi 37.2(a),(c).

   Notwithstanding these rules, the Moving Defendants' motion to compel contains no certification that the Moving Defendants have in good faith conferred or attempted to confer with Richards in an effort to obtain the information they seek.  Nor have the parties submitted a stipulation in accordance with Local Rule 37.2 to certify their compliance with Local Rule 37.1. Accordingly, the motion to compel will be denied without prejudice.

**B.   Motion to Dismiss**

   The Moving Defendants also argue that Richards' claims against them should be dismissed with prejudice as a sanction for Richards' alleged failure to comply with this Court's orders. They contend that Richards violated the Court's scheduling orders by refusing to provide the requested authorizations.

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 5

A party may move the Court to impose sanctions for violations of pretrial scheduling orders pursuant to Federal Rule of Civil Procedure 16(f):

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). "Although a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority, no express requirement of intent or negligence exists in the language of Rule 16(f)." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

Courts may impose a wide range of sanctions under Rule 16(f), including "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Indeed, the United States Court of Appeals for the Third Circuit has recognized "the very broad discretion which district courts have to use sanctions where necessary to ensure compliance with pretrial orders . . . ." *Tracinda Corp.*, 502 F.3d at 242 (quotation omitted); *see also Tower Ventures, Inc. v. City of Westfield,* 296 F.3d 43, 46 (1st Cir. 2002) ("This flexibility is necessary because the

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 6

circumstances attendant to noncompliance are apt to differ widely. In the last analysis, then, the choice of an appropriate sanction must be handled on a case-by-case basis.").

The sanction of dismissal with prejudice, as the Moving Defendants have requested, "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (noting this principle in the context of a dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders); *see also Tower Ventures, Inc.*, 296 F.3d at 46 (explaining that "dismissal with prejudice. . . . is strong medicine, not casually to be dispensed" as a sanction for violating case management orders under Rule 16(f)). Nonetheless, "a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." *Tower Ventures, Inc.*, 296 F.3d at 46 (explaining that "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)"); *see also Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988) ("The court clearly has the power to dismiss the case as a sanction against a party who fails to obey an order regarding discovery.").

A review of the record in this matter shows that the Moving Defendants requested the authorizations for the release of information from Richards, at the very latest, on September 23,

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 7

2008. Despite the fact that the Court ordered fact discovery to be completed by December 7, 2008, Richards still has not responded in any manner to the Moving Defendants' request.

The Court is troubled by Richards' approach. "If a responding party believes that information sought by a discovery request is privileged or subject to some rule of confidentiality, the responding party must object and/or apply to the court for a protective order." *Gray v. Faulkner*, 148 F.R.D. 220, 222 (N.D. Ill. 1992). Here, however, Richards has not produced the requested authorizations, objected to the requests for the authorizations or sought a protective order from the Court regarding the requested authorizations.

By simply failing to respond or object to the Moving Defendants' discovery requests, Richards apparently takes the view that she may conduct discovery in this matter at her own pace, without regard for the deadlines imposed by the Court's orders. That view ignores the Court's independent interest in administering its docket. *See United States v. Wecht,* 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *Yakowicz v. Pennsylvania,* 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 8

various stages before and during trial"); *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 751 (3d Cir. 1982) ("[B]road discretion should be accorded district courts in the management of their calendars."). Indeed, the Court's broad discretion to issue sanctions for violations of scheduling orders serves to "facilitate[] the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp.*, 502 F.3d at 242.

While Richards' approach is of concern to the Court, this case does not involve the sort of extreme circumstances or willful violations of court orders that warrant the sanction of dismissal with prejudice. *See*, *e.g.*, *DiFrancesco v. Aramark Corp.*, 169 Fed. Appx. 127, 131 (3d Cir. 2006) (holding that dismissal was not warranted as sanction for the plaintiff's failure to comply with scheduling order where there was no showing that the plaintiff caused any other delays, and the delay was not willful or the result of bad faith) (unpublished); *John v. State of La.*, 828 F.2d 1129, 1131-33 (5th Cir. 1987) (finding that dismissal with prejudice was an inappropriate sanction for the plaintiff's tardy response to a discovery request, late submission of pretrial order, and failure to make timely filings); *cf. Orama v. Boyko,* 243 Fed. Appx. 741, 743 (3d Cir. 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention

*Richards v. Legislature of the V.I., et al.*
Civil No. 2006-237
Memorandum Opinion
Page 9

not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective") (unpublished); *Tower Ventures, Inc.*, 296 F.3d at 46 (holding that dismissal with prejudice was warranted as a sanction for the plaintiff's violation of the court's scheduling orders, even if the defendants were not prejudiced by noncompliance, because the plaintiff repeatedly missed court-imposed deadlines without sufficient explanation).

Accordingly, the Moving Defendants' motion for the sanction of dismissal will be denied.

### III.  CONCLUSION

For the foregoing reasons, the Moving Defendants' motion to compel discovery will be denied without prejudice.  Additionally, the Moving Defendants' motion for dismissal of the complaint will be denied.  An appropriate order follows.

```
                                    S_____
                                      CURTIS V. GÓMEZ
                                        Chief Judge
```