IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| AUDRA RICHARDS, | ) |
|           Plaintiff, | ) |
| vs. | ) CIVIL NO. 2006/237 |
| LEGISLATURE OF THE VIRGIN ISLANDS, USIE RICHARDS, in his official capacity, and USIE RICHARDS, in his personal capacity, | ) |
|           Defendants. | ) |
| DEEDEE BYAS, | ) |
|          Plaintiff, | ) |
| vs. | ) CIVIL NO. 2006/238 |
| LEGISLATURE OF THE VIRGIN ISLANDS, USIE RICHARDS, in his official capacity, and USIE RICHARDS, in his personal capacity, | ) |
|          Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Compel the Return of Privileged Information Pursuant to Rule 26(b)(5)(B) and the Plaintiffs' opposition thereto.[1] The Court heard oral argument on this motion on June 16, 2008.

**RELEVANT FACTS**

---

[1] Identical motions were filed in Audra Richards v. Legislature of the Virgin Islands, et al. and DeeDee Byas v. Legislature of the Virgin Islands, et al.

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 2 of 9

Plaintiffs brought these actions against the Legislature of the Virgin Islands and Use Richards in his official and personal capacities alleging various civil rights violations, various intentional tort claims, breach of contract, breach of duty of good faith and violation of public policy as a result of an alleged sexual harassment of the Plaintiffs by Senator Use R. Richards. Both Plaintiffs alleged various incidents of sexual harassment beginning in 2003 and continuing through 2004. On September 20, 2004 and October 15, 200, Plaintiffs Richards and Byas, respectively, filed formal complaints with the President of the Twenty-Fifth Legislature, Senator David Jones. On September 24, 2004, Senate President Jones convened a Committee on Ethical Conduct to investigate the alleged harassment and, on or about October 10, 2004 and/or November 23, 2004, the Committee on Ethical Conduct conducted its hearing and subsequently issued a reprimand to Senator Richards.

On February 29, 2008, Plaintiffs' issued a subpoenas duces tecum on Mr. Casmus Caines, the court report of the Twenty-Fifth Legislature of the Virgin Islands who transcribed the Committee on Ethical Conduct sexual harassment investigation/hearing regarding Senator Richards, requesting "the full transcript of the hearings of the Committee on Ethical Conduct of the 25th Legislature re: harassment charges against Sen. Usie Richards" and "all writings, including without limitation, electronically stored information, in your possession, custody or control, relation to said hearings involving harassment charges against Senator Usie Richards." On March 28, 2008, the hearing transcript and the other responsive documents were delivered to Attorney Ferron's office and subsequently to Plaintiffs' counsel.

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 3 of 9

In Defendants' Motions to Compel, Defendants indicated that on March 28, 2008, "the hearing transcripts and documents related thereto were delivered to Plaintiff's [sic] Counsel's office" and "a copy of the transcripts and related documents were also delivered to Defendant's Counsel's office." However, at oral argument, Defendants' counsel stated that the Legislature's court reporter sent the packages with the documents her office for transmission and it was not until after she had forwarded Plaintiffs' counsel her package, did she open her package and discovered that four privileged documents were included among the documents. As listed in Plaintiffs' responses to the Motions to Compel, the documents that Defendants are requesting be returned are: (1) an October 5, 2005 (sic) letter from the Honorable Lorraine L. Berry to Yvonne Tharpes, regarding Senator Berry's appointment as Chair of the Legislature's Committee on Ethical Conduct and her request for advice on conducting the investigation;[2] (2) a September 24, 2004, memorandum from Yvonne Tharpes to the Honorable David S. Jones; (3) the report of sexual harassment from Yvonne L. Tharpes to the Honorable David S. Jones;[3] and (4) a November 22, 2004, memorandum from Yvonne Tharpes, Esq., to Senator Lorraine L. Berry.[4]

---

[2] Plaintiffs contend that the letter is not privileged because it is "merely a notification that the Hon. Lorraine L. Berry had been appointed as Chair of the Legislature's Committee on Ethical Conduct."

[3] In Plaintiffs' response, Plaintiffs explained that the September 24, 2004 memorandum and the Report of Sexual Harassment were produced as a part Federal Rule of Civil Procedure, Rule 26 initial disclosures and that the Report of Sexual Harassment that was produced pursuant to the subpoena duces tecum was undated, but it was the same report dated July 26, 2004, which was produced as a part of the Rule 26 disclosures.

[4] In Defendants' Motions to Compel, Defendants describe the documents as "letters and memoranda or documents prepared by, or sent to Yvonne Tharpes, Esq., Acting Chief Counsel of

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 4 of 9

By letter dated March 31, 2008, Defendants' counsel wrote Plaintiffs' counsel and advised her that privileged documents were inadvertently provided with the documents in response to the subpoena duces tecum and requested their return. At the oral argument, Defendants' counsel explained that the documents were not exhibits in the Committee on Ethical Conduct hearing, but were "a part of the record" and that the court reporter was given documents that "pertained to the hearing." Counsel further indicated that the documents "should not have been in any records . . . how they ended up in the court reporter's possession is unclear . . . but they were provided inadvertently and not intended to be released."

Plaintiffs contend that the October 5, 2005 (sic) letter from Senator Berry to Attorney Tharpes requesting advice on how to proceed with the Committee's investigation and/or hearing is not privileged. Plaintiffs further contend that the September 24, 2004, memorandum from Yvonne Tharpes to the Honorable David S. Jones and a dated copy of the Report of Sexual Harassment from Yvonne Tharpes to the Honorable David S. Jones were produced to the Plaintiffs pursuant to Rule 26 disclosure and that the attorney-client privileged was waived when those documents were produced to Plaintiffs. Finally, Plaintiffs' counsel contends that only the November 22, 2004, memorandum is arguably privileged but is "not covered by [the] attorney-client privilege and is a public document under title 3 Virgin Islands Code § 881(a)." Plaintiffs

---

the 25th Legislature of the Virgin Islands, and marked "Privileged and Confidential," or "Confidential."

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 5 of 9

further contend that even if the November 22, 2004-memorandum were privileged, Defendants' counsel waived the privilege when precautions were not taken to prevent the release of the document.

## DISCUSSION

The traditional elements of an attorney-client privilege that protect communications from disclosure are:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his or her subordinate, and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion of law or (ii) legal service or (iii) assistance in some legal proceeding, and (d) not for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Olive v. Isherwood, Hunter & Diehm*, 23 V.I. 168, 172 (D.V.I. 1987).

Here, there is no doubt that Senator Lorraine Berry as the Chair of the Legislature's Committee on Ethical Conduct and the Twenty-Fifth Legislature of the Virgin Islands or the Legislature of the Virgin Islands are clients with the meaning of a traditional attorney-client relationship. Accordingly, any private or confidential communications between the members of the Twenty-Fifth Legislature and the Legislature's legal counsel regarding any opinions of law, or providing assistance in legal proceeding or providing legal service to the Legislature or its members are privileged attorney-client communications to the extent the privilege is claimed and not waived by the Legislature. Here, through the documents referenced above, the Legislature's legal counsel was providing advice and counsel to the Legislature's Senate President and the Chair of

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 6 of 9

the Committee of Ethical Conduct. In the letter dated October 5, 2005 (sic), Senator Berry was asking the Acting Chief Legal Counsel to provide her with advice on how to proceed with the sexual harassment hearing of Senator Richards. In the other three documents, the Acting Chief Legal Counsel was providing legal advice and/or opinions regarding the sexual harassment allegations to Senators Jones and Berry. Accordingly, within the meaning of attorney-client privilege, all four documents are clearly privileged.

The question becomes whether the attorney-client privilege was waived when the referenced documents were produced pursuant to the subpoenas duces tecum? Defendants content that the documents were inadvertently produced. However, Plaintiffs' counsel states that she was in receipt of the September 24, 2004 memorandum and a dated copy of the Report of Sexual Harassment as a part of the Rule 26 disclosures. Thus, it appears that the September 24, 2004 memorandum and the Report of Sexual Harassment were intentionally disclosed as a part of the Rule 26 disclosures. The intentional disclosure of communications subject to the attorney-client privilege by the client or the attorney acting as an agent for the client waives the privilege. *Westinghouse Electric Corporation v. Republic of the Philippines*, 951 F.2d 1414, 1424 (3d. Cir. 1991) (citing *United States v. Rockwell International*, 897 F.2d 1255, 1265 (3d Cir. 1990)). Plaintiffs' counsel contend and Defendants' counsel does not dispute that the September 24, 2004 memorandum and the Report of Sexual Harassment dated July 26, 2004 were produced as a part of Rule 26 disclosures. Thus, to the extent that the September 24, 2004, memorandum and the Report of Sexual Harassment were produced in Rule 26 disclosures, the attorney-client

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 7 of 9

privilege was waived as those documents at that time and their subsequent production pursuant to the subpoenas duces tecum does not alter that fact.

Thus remains the determination of whether the disclosure of the October 5, 2005 (sic) letter and the November 22, 2004 memorandum were inadvertent and, if so, was the privilege nonetheless waived.  Traditionally, courts have held that inadvertent disclosure waives the privilege because the client and the attorney possess sufficient means to preserve the secrecy of a communication because the disclosure makes the achievement of the benefits for the privilege impossible.  *Manufactures and Traders Trust v. Servotronics, Inc.*, 132 A.D. 392, 398 (N.Y. App. Div. 1987).  However, courts have moved away from this traditional approach and have adopted a more commonsense approach to the determination of the waiver of the privilege.  In determining whether a document has lost its privilege through inadvertent disclosure, the following factors may be considered: (1) the reasonableness of the precautions to prevent disclosure in view of the extent of the document production; (2) the number of inadvertent disclosures; (3) the extent of the disclosures; (4) any delay and measure taken to rectify the disclosure;  and (5) whether the overriding interest of justice would or would not be served by relieving a party of its error.  *USA v. Keystone Sanitation Company, Inc.*, 885 F. Supp. 672, 676 (M.D. Pa 1994).

In applying the first factor to the facts of these cases, the court notes that the subpoenas duces tecum requested the transcript of the hearing before the Ethics Committee and all writings relating to the hearings.  In this regard, the court finds that the requests were not extensive or

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 8 of 9

unduly burdensome and that the disclosure of October 5, 2005 (sic) letter and the November 22, 2004 memorandum could have been prevented with a vetting of the documents.  Defendants' counsel informed the court that she received the documents from the court reporter and did not examine them until after Plaintiffs' counsel packet had been already sent.  In the court's view, Defendants' counsel did not make any attempt to review the documents before they left her possession.[5]  In evaluating the second factor, the court notes that there was only one acknowledged inadvertent disclosure of the two documents.[6]  In evaluating the third factor, the court further notes that in the October 5, 2005 (sic) letter, Senator Berry sought advice on how to proceed with conducting the investigation regarding the alleged sexual harassment and the November 22, 2004 memorandum provided advice to the Committee Chair on how to strategically conduct the Committee's hearing on the alleged sexual harassment.  However, the documents do not make any legal conclusions or findings regarding the alleged sexual harassment by Senator Richards.  With regard to the fourth factor, counsel for Defendants acted promptly in notifying Plaintiffs' counsel of the inadvertent disclosure of the documents.  As to the final factor, the court must weight the equities in deciding whether the privilege was waived by the inadvertent disclosure. First, the documents were obtained by Plaintiffs from the

---

[5] The court would think that the documents would have been vetted by the Legislature's legal counsel before being sent to the Legislature's outside counsel.

[6] Defendants' counsel speaks of the inadvertent disclosure to the Plaintiffs' counsel. However, the court notes that these "privileged"documents were given to the Legislature's court reporter during the Committee on Ethical Conduct hearing although they were not exhibits in the hearing.

Richards and Byas v. Legislature of the Virgin Islands, et al.
Civil Nos. 2006-237 and 2006-238
Memorandum and Order
Page 9 of 9

Legislature's court reporter, someone outside the scope of the privilege. Secondly, the documents were released without Defendants counsel's vetting. Finally, the documents, although clearly privileged, do not discuss any legal conclusions, findings or opinions regarding the alleged sexual harassment committed by Senator Richards and thus, their disclosure does not adversely affect Defendants ability to mount an effective defense to the complaints. Thus, the court finds that although their production was inadvertent, the attorney-client privilege was waived with regard to the October 5, 2005 (sic) letter and November 22, 2004 memorandum.[7]

Accordingly, it is hereby **ORDERED** that Defendants' Motions to Compel Return of Privileged Information Pursuant to Rule 26(b)(5)(B) are **DENIED**.

DATED: January 9, 2009               S\_____
                                      **GEOFFREY W. BARNARD**
                                      U. S. Magistrate Judge

**ATTEST:**
**Wilfred F. MORALES**
Clerk of Court

---

[7] Because the court finds that the attorney-client privilege was waived, the court will not address Plaintiffs argument that the documents are public records within the meaning of 3 V.I.C. § 881. However, the court notes that 3 VIC § 881(g) provides that the work product of an attorney related to litigation or a claim made by or against a public body shall be kept confidential unless otherwise ordered by a court.